UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

TERRESTAR CORPORATION, *et al.*,

　　　　　　　　　　　　　　Debtors.
-------------------------------------------------------------x
ALDO ISMAEL PEREZ

　　　　　　　　　　　　　　Plaintiff,

　　v.

TERRESTAR CORPORATION, *et al*.,

　　　　　　　　　　　　　　Defendants.
-----------------------------------------------------------------------x

Chapter 11

Case No. 11-10612 (SHL)

Jointly Administered

Adv. Proc. No. 13-01334 (SHL)

## MEMORANDUM OF DECISION AND
## ORDER DENYING MOTION FOR RECONSIDERATION

　　Before the Court is the motion [ECF No. 41] (the "Motion") of the Plaintiff, Aldo Ismael Perez, for reconsideration of this Court's decision to dismiss the above-captioned adversary proceeding.[1] For the reasons set forth below, the Motion is denied.

## BACKGROUND

　　The Motion must be understood in the context of the Mr. Perez's previous filings in the above-captioned cases. Prior to its bankruptcy filing, Terrestar Corporation ("TSC") and its affiliates held equity interests in several companies that operated a terrestrial satellite network

---

[1] Mr. Perez seeks reconsideration of this Court's Memorandum of Decision, dated September 29, 2015 [ECF No. 40] (the "Decision"). Mr. Perez has also filed a notice of appeal of the Decision [ECF No. 42], as well as a certification of direct appeal to the Court of Appeals for the Second Circuit [ECF No. 43]. As this motion for reconsideration was filed prior to the notice of appeal, it is properly before this Court for decision. *See Pu v. Grubin (In re Food Mgmt. Grp., LLC)*, 428 B.R. 576, 578 (S.D.N.Y. 2009) ("[U]nder the plain language of [Fed. R. Bankr. P. 8002(b)], a motion for reargument postpones a party's ability to appeal a bankruptcy court's judgment until resolution of that motion."); Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59, which governs motions for reconsideration); *see also Lichtenberg v. Besicorp Grp., Inc.*, 204 F.3d 397, 400-02 (2d Cir. 2000) (discussing how timely motion under Rule 59(e) extends time for appeal).

and provided two-way mobile and Internet communications services. On October 19, 2010 and February 16, 2011, TSC and certain of its affiliates (collectively, the "TSC Debtors") filed petitions for relief under Chapter 11 of the Bankruptcy Code. The Plaintiff is a former common shareholder of the TSC Debtors.

The Plaintiff filed numerous motions and objections throughout the TSC bankruptcy proceedings, as well as in the related Chapter 11 case of *In re Terrestar Networks, Inc., et al.*, Case No. 10-15446. Numerous issues were raised by Mr. Perez and considered by the Court in the litigation of these various pleadings. For example, Mr. Perez filed several requests for the appointment of an equity committee or an examiner in the TSC Debtors' cases, which were denied. *See* Case No. 11-10612, ECF Nos. 157, 180, 216, 217. Mr. Perez sought reconsideration of this Court's order denying his motion to appoint an examiner, which was also denied. *See* Hr'g Tr. 65:3-73:9, Nov. 16, 2011 [ECF No. 287]; *see also* ECF Nos. 232, 290. Mr. Perez also filed numerous objections to the TSC Debtors' second amended disclosure statement (the "Disclosure Statement"), *see* Case No. 11-10612, ECF Nos. 157, 207, 216, 331, which the Court heard and ultimately overruled, in approving the Disclosure Statement on August 24, 2012. *See* Hr'g Tr. 46:13-47:7, 48:20-49:1, 52:21-53:3, Jan. 10, 2012 [ECF No. 365]. Mr. Perez then filed a pleading requesting a stay of the "financial disclosure," which this Court construed as a request to stay the order approving the Disclosure Statement until the District Court ruled on Mr. Perez's examiner appeal. *See* Case No. 11-10612, ECF No. 386. The Court denied Mr. Perez's request. *See Memorandum Opinion and Order Denying Request for Stay Pending Appeal*, Case No. 11-10612 [ECF No. 442].

In June 2012, TSC filed its third amended joint chapter 11 plan of reorganization (the "Plan"), to which the Plaintiff filed multiple objections. *See* Case No. 11-10612, ECF Nos. 556, 639, 661, 664. Mr. Perez's filings raised, among other issues, objections to the failure to auction

2

off certain of the TSC Debtors' assets, questions regarding the TSC Debtors' asset valuation and the feasibility of the Plan, and objections to the third-party releases contained in the Plan. *See id.* A hearing on confirmation of the Plan was held on October 10, 2012 (the "Confirmation Hearing"). Mr. Perez appeared on his own behalf and argued against confirmation. He also cross-examined Steven Zelin of Blackstone Group, the TSC Debtors' financial advisor and a witness in support of Plan confirmation. *See* Hr'g Tr. 88:18-89:7, Oct. 10, 2012 [ECF No. 675]. During the Confirmation Hearing, Mr. Perez raised issues regarding the valuation of TSC assets and alleged that insider transactions and fraud had taken place. At the conclusion of the hearing, the Court overruled Perez's objections, along with several other *pro se* objections, and confirmed the TSC Debtors' Plan. *See* Hr'g Tr. 121:7-135:17, Oct. 10, 2012. On October 24, 2012, the Court entered an order confirming the Plan (the "Confirmation Order"). *See* Case No. 11-10612, ECF No. 668. The Plan subsequently became effective on March 7, 2013. *See* Case No. 11-10612, ECF No. 734.

Mr. Perez twice appealed orders of this Court. In both instances, the District Court for the Southern District of New York found Mr. Perez's appeals equitably moot. Mr. Perez first appealed this Court's order denying reconsideration of a request to appoint an examiner. The District Court dismissed the appeal as equitably moot, finding that the Plan had been substantially consummated and that Mr. Perez had failed to rebut the presumption of mootness. *Perez v. Terrestar Corp. (In re Terrestar Corp.)*, 2013 U.S. Dist. LEXIS 58814, at *12-16 (S.D.N.Y. Apr. 24, 2013) (Abrams, J.). Mr. Perez next appealed the Confirmation Order. The District Court again dismissed the appeal as equitably moot, as the Plan had been substantially consummated. *Perez v. Terrestar Corp. (In re Terrestar Corp.)*, 2013 U.S. Dist. LEXIS 118918, at *10-12 (S.D.N.Y. Aug. 16, 2013) (Daniels, J.).

On April 22, 2013 Plaintiff filed this adversary proceeding seeking to revoke the Confirmation Order pursuant to Section 1144 of the Bankruptcy Code. Mr. Perez again alleged, among other things, that TSC violated a duty to disclose certain facts in the Plan and Disclosure Statement, that TSC committed insider transactions and fraud, and that the valuation of the TSC Debtors' assets was incorrect. The TSC Debtors filed a motion to dismiss, arguing that the Plaintiff's complaint was equitably moot, that Plaintiff was collaterally estopped from raising allegations that had already been addressed in earlier proceedings, and that Plaintiff had failed to adequately plead that the Confirmation Order was procured by fraud under Section 1144 of the Bankruptcy Code. Consistent with the conclusion of the two District Judges who have addressed Mr. Perez's prior appeals, this Court found that the Plaintiff's complaint was equitably moot. *See Perez v. Terrestar Corp. (In re Terrestar Corp.)*, 2015 Bankr. LEXIS 3298, at *6-16 (Bankr. S.D.N.Y. Sept. 29, 2015). In addition, this Court found the complaint suffered from other defects. *See id*. at *16-22. Accordingly, the Court granted the TSC Debtors' motion and dismissed the adversary proceeding in its entirety.

## **DISCUSSION**

Mr. Perez does not provide the statutory basis for his Motion.[2] The Court will therefore examine his request for reconsideration under both Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, which are made applicable in this case through Bankruptcy Rules 9023 and 9024, respectively.[3]

---

[2]    Mr. Perez cites to Local Civil Rule 6.3, which the Court interprets as a reference to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. While this Court is governed by the Local Bankruptcy Rules, the Court notes that Local Civil Rule 6.3 addresses motions for reconsideration or reargument.

[3]    Local Bankruptcy Rule 9023-1, which governs motions for reargument, states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally." Local Bankruptcy Rule 9023-1(a). The Court has decided the Motion based on the papers before it and concludes that oral argument is neither necessary nor appropriate under the circumstances.

The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Such request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Tonga Partners*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Thus, "[m]otions for reconsideration and to amend or alter judgment serve a limited function—to correct manifest errors of law or fact or to present newly discovered evidence." *In re Pothoven*, 84 B.R. 579, 582 (Bankr. S.D. Iowa 1988); *see also Cioce v. County of Westchester*, 128 F. App'x 181, 185 (2d Cir. 2005); *In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. S.D.N.Y. 1986).  Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations omitted).  The burden rests with the movant. *See Crozier*, 60 B.R. at 688.

Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)   "The burden of proof is on the party seeking relief from judgment." *Id.*  Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citing *Montco, Inv. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 760 (2d Cir. 1981)).  Rule 60(b) "is not 'a substitute for a timely appeal. . . .'" *Frankel v. ICD Holdings S.A.*, 939 F. Supp. 1124, 1127 (S.D.N.Y. 1996) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).  Additionally, "Rule 60(b) may not be used to 'relitigate matters settled by the original judgment.'" *Frankel*, 939 F. Supp. at 1127 (quoting *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984)).

Mr. Perez does not satisfy the standard for relief under either Rule 59(e) or Rule 60(b).  In his Motion, Mr. Perez repeats and discusses the same arguments previously presented in his opposition to the TSC Debtors' motion to dismiss this adversary proceeding, including his allegations that the TSC Debtors fabricated venue, that TSC concealed or failed to disclose the identity of insiders or "control persons," and numerous arguments relating to the valuation of and transactions surrounding the 1.4 GHz, 1.6 GHz and 2.0 GHz spectrum.  *See In re Terrestar Corp.*, 2015 Bankr. LEXIS 3298, at *19-22 and n.2-3 (discussing Mr. Perez's valuation arguments and the failure of Mr. Perez to plausibly allege a basis for relief from the Confirmation Order under Section 1144 based on venue).  Indeed, these are arguments that Mr. Perez has been raising—and this Court has been repeatedly addressing—for years, through his various pleadings in both the TSC and Terrestar Networks bankruptcy cases. *See* Hr'g Tr. 121:7-135:17, Oct. 10, 2012 (at hearing on confirmation, Court overruling objections of Perez and other *pro se* parties regarding valuation of TSC assets and allegations that insider

6

transactions and fraud had taken place, and confirming TSC Plan).[4]  Additionally, Mr. Perez arguably raises several other specific arguments that could have—but were not—asserted in his opposition to the motion to dismiss, including his complaint that he was not provided with a meaningful opportunity to cross-examine Mr. Zelin at the Confirmation Hearing.  But "a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005);[5] *see also Fleming v. New York Univ.*, 865 F.2d 478, 484-85 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits."); *Stevens*, 676 F.3d at 67 (citing *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) ("In no circumstances . . . may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion.")).

## CONCLUSION

For all the reasons set forth above, the Motion is denied.

**IT IS SO ORDERED.**

Dated: New York, New York
       January 15, 2016

                                         */s/ Sean H. Lane*
                                         UNITED STATES BANKRUPTCY JUDGE

---

[4]   By way of further example, Mr. Perez yet again requests the appointment of an examiner. *See* Motion at 30.  This is a request that Mr. Perez has been making since 2011, which has repeatedly been addressed by this Court and the District Court on appeal.  *See* Case No. 11-10612, ECF Nos. 157, 180, 216, 217, 232, 290; *see also* Hr'g Tr. 65:3-73:21, Nov. 16, 2011; *In re Terrestar Corp.*, 2013 U.S. Dist. LEXIS 58814, at *12-14.  In any event, an examiner makes little sense given that this case was confirmed more than three years ago.

[5]   In any event, this Court's prior decisions address in detail Mr. Perez's arguments on valuation.  *See* Hr'g Tr. 121:7-135:17, Oct. 10, 2012 (Court addressing valuation arguments in confirming TSC Plan); *In re Terrestar Corp.*, 2015 Bankr. LEXIS 3298, at *20 n.2 (discussing valuation of 1.4 GHz spectrum and valuation testimony given by Mr. Zelin at the Confirmation Hearing).

7